

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SPILL THE BEANS, INC., STB ENTERPRISES, LLC, ROGER A. CURTIS, LYNDA CURTIS, PETER HANSEN, and DAVID WILSON, Plaintiffs, vs. SWEETREATS, INC. and ROBERT CARLTON, Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 6:06-0106-HFF |

## MEMORANDUM OPINION AND ORDER

This case was removed to the Court as a breach of contract action. Pending before the Court is Plaintiff's motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Having carefully considered the motion, the response, the record, and the relevant law, it is the judgment of this Court that Plaintiffs' motion will be dismissed without prejudice and with leave to refile an appropriate motion pursuant to Rule 54(b) if they wish to do so.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Hence, Rule 59(e) applies only to final judgments. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). The Court's September 23, 2008, Order is not a final judgment, but instead an interlocutory order. This is so because less than all claims as to the parties were adjudicated in the September 23, 2008, Order.

Rule 54(b) provides the following:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Consequently, Rule 54(b) is the proper avenue by which Plaintiffs can seek to obtain reconsideration of the Court's September 23, 2008, Order if they wish to do so.

Therefore, inasmuch as (1) Rule 59(e) is an inappropriate vehicle for reconsideration of an interlocutory order, (2) the present motion has been briefed by both parties as a Rule 59(e) motion, and (3) the standard of review for consideration of a Rule 59(e) motion is not the same as the standard of review for consideration of a Rule 54(b) motion,[*] Plaintiffs' Rule 59(e) motion is hereby **DISMISSED** without prejudice and with leave to refile as a Rule 54(b) motion if they wish to do so.

Moreover, the briefing schedule set forth in the Court's September 23, 2008, Order commences this date with the following modification: the Court will require filing of the documents concerning the settlement agreement issue as set forth in Section III.A. of the September 23, 2008, Order. The Court, however, will entertain a joint motion to stay or extend any of these deadlines on a showing of good cause.

---

[*] This is especially relevant as to Defendants' response.

As the Court has stated repeatedly, this entire matter is one that could and should be settled by the fine attorneys in this action. Therefore, counsel and their parties are hereby directed to continue in their good faith efforts to do so. Upon request, the Court will either participate in settlement negotiations and/or will secure the assistance of the Magistrate Judge for such conference(s).

**IT IS SO ORDERED**.

Signed this 8th day of September, 2009, in Spartanburg, South Carolina.

                s/ Henry F. Floyd
                HENRY F. FLOYD
                UNITED STATES DISTRICT JUDGE