

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SPILL THE BEANS, INC., STB ENTERPRISES, LLC, ROGER A. CURTIS, LYNDA CURTIS, PETER HANSEN, and DAVID WILSON, | § § § § § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 6:06-0106-HFF |
| | § | |
| SWEETREATS, INC. and ROBERT CARLTON, | § § | |
| Defendants. | § | |

## ORDER

This matter is before the Court on the motion of Defendants SweeTreats®, Inc. and Robert Carlton (hereafter collectively "SweeTreats" or "Defendants") seeking an Order of this Court to Show Cause why Plaintiffs and other individuals are not in contempt of Court for failing to abide by this Court's Orders with respect to non-compete provisions contained in a Franchise Agreement by and between the parties. This Order supplements, and does not supplant, the Court's November 4, 2009, Order regarding the hearing set for December 2, 2009.

**FACTUAL BACKGROUND**

1. On July 24 and 25, 2006, SweeTreats, as Claimant, and Spill the Beans, as Respondent, engaged in Arbitration of their disputes arising from the operation of Franchise Agreements between the parties.

2. On September 1, 2006, the arbitrator issued her award in which she ordered Spill the Beans to pay SweetTreats a total of $13,303.85, representing $278.85 as amounts due under the

agreement, $525.00 to reimburse Defendant SweeTreats its share of administrative fees and expenses associated with the arbitration, and $12,500 for attorneys' fees.

3. The arbitrator ruled that the franchise agreement was terminated effective April 2, 2005. She ordered Spill the Beans to "forthwith cease its use or display of any and all SweeTreats marks," to "forthwith cease its use of any and all SweeTreats confidential information," to return all related materials to SweeTreats.

4. The Arbitrator also ordered:

Pursuant to Articles 14.4, 14.5, 14.6 and 7.2 of the Agreement, and for a period of twenty-four (24) months from the date of this Award, Respondent and its owners shall comply with the Article 14.4 covenant not to compete, and as such shall not serve directly or indirectly in any representative capacity in a competitive business, as that term is defined in Article 7.2 of the Agreement.

5. The Arbitrator denied SweeTreats' request for injunctive relief "in the form of closure of Respondent's stores."

6. The non-compete provision of the franchise agreement provides:

**COVENANT NOT TO COMPETE.** Upon our termination of this Agreement in accordance with its terms and conditions, including the transfer or assignment of this Agreement or any interest in the BUSINESS, or expiration of this Agreement (if we refuse to grant, or you elect not to acquire, a successor franchise), you and your owners agree that, for a period of twenty four (24) months (the "Restriction Period") commencing on the effective date of termination or expiration or the date on which a person restricted by this Article begins to comply with this Article, whichever is later, neither you nor any of your owners will have any direct or indirect interest (i.e., through a spouse or child) as a disclosed or beneficial owner, investor, partner, director, officer, employee in a management or sales capacity, consultant, representative or agent or in any other capacity in any Competitive Business (as defined in Article 7.2. above) operating at the Location; within fifteen (15) miles of the Location; or within five (5) miles of any other **SWEETREATS®** business in operation or under construction on the later of the effective date of the termination or expiration or the date on which a person restricted by this Article complies with this Article.

7. Following the issuance of the arbitration award, Defendants filed a Motion to Confirm Judgment. Plaintiffs subsequently filed a Motion to Vacate the Arbitration Award.

8. On September 27, 2007, this Court entered an Order and Judgment affirming the arbitration award.

9. On or about October 1, 2007, Plaintiffs transferred substantially all of the assets of the Main Street Store to JP Repair, LLC, the sole member of which was John Pruden. Mr. Pruden thereafter conducted business as Spill the Beans selling frozen food or beverage items or dessert items or similar items at the South Main Street location.

10. Prior to October 9, 2007, Plaintiffs remitted the sums awarded to Defendants under the Arbitration Award and confirmed by the Order and Judgment of this Court.

11. Sometime in early 2008, John Pruden transferred his membership in JP Repair to Sarah Curtis, daughter-in-law of Plaintiffs Roger and Lynda Curtis.

12. Sarah Curtis moved the business to a location near the location of the South Main Street store. The business is being operated in substantially the same manner as it was when owned by Plaintiffs, including the sale of frozen food or beverage items or dessert items or similar items.

## ORDER TO SHOW CAUSE

This Court previously held that

> Whether the Main Street Spill the Beans store is presently operated by Plaintiff Roger Curtis, or whether it has been transferred or assigned to JP Repair, Pruden, Sarah Curtis, or some other person or entity, that person or entity has a direct or indirect interest in the assets of the Main Street Spill the Beans store which Plaintiff Roger Curtis previously owned and operated pursuant to the Franchise Agreement. As such, that person or entity is an "owner" as described above and is, thus, bound by the non-compete provisions at issue in the instant case. Further, in that there can be no dispute that the current owner is in a competitive business at the Main Street location, as that term is defined in the Franchise Agreement, the Court

finds a violation of both the non-compete clause and the Court's September 27, 2007, Order.

Order (Sept. 23, 2008) at 5-6 (footnotes omitted).

Defendants allege that Plaintiffs violated the non-compete clause and this Court's Order confirming the arbitration award by selling the assets of Spill the Beans, Inc.

Defendants allege that John Pruden violated the non-compete clause and this Court's Order confirming the arbitration award by operating the assets at the South Main Street location.

Defendants allege that Sarah Curtis is in violation of the non-compete clause and this Court's Order confirming the arbitration award by continuing to operate the assets at a location within 15 miles of the South Main Street location.

Pursuant to its civil contempt authority, this Court may impose a monetary fine and/or imprisonment and order payment of Defendants' attorney's fees. Counsel for Defendants has requested that the monetary fine imposed upon all violating owners be not less than one hundred ($100.00) dollars per day for the time that the non-compete was violated and that the violating owners be ordered to pay interest at the legal rate on any such award from the date of the violation.

Pursuant to its criminal contempt authority, this Court may also refer the matter to an independent prosecutor. *See United States v. Neal*, 101 F.3d 993, 997-98 (4th Cir. 1996).

Pursuant to the foregoing, this Court apprises the parties that at the hearing scheduled for December 2, 2009, Plaintiffs are required to appear and show cause why they should not be held in civil contempt and why this matter should not be referred for prosecution of criminal contempt.

Counsel for Plaintiff Roger Curtis and Plaintiff Lynda Curtis shall serve a copy of this Order on all named plaintiffs and other interested parties forthwith.

4

**IT IS SO ORDERED.**

Signed this 24th day of November, 2009, in Spartanburg.

                                          s/ Henry F. Floyd
                                          HENRY F. FLOYD
                                          UNITED STATES DISTRICT JUDGE